UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| RICHARD THOMPSON, | : | |
| | : | Civil Action No. 13-4334 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **ORDER** |
| | : | |
| CHARLES WARREN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Before the Court is a motion for default judgment against Defendant Jimmy Barnes brought by Plaintiff Richard Thompson, *pro se* [ECF No. 40]. Defendant Barnes opposes this motion, and has also cross-moved for leave to file an answer to Plaintiff's complaint as within time [ECF No. 44].

Here, Plaintiff successfully served Defendant Barnes on June 4, 2014. Defendant Barnes was obligated to answer or otherwise move by June 25, 2014. On August 22, 2014, Plaintiff contemporaneously filed an application for the entry of default and moved to enter default judgment against Defendant Barnes. Under Federal Rule of Civil Procedure 55, a party who wishes to obtain default judgment must first request that the Clerk of the Court "enter the…default" of the party that has not answered or "otherwise defend[ed]." Fed. R. Civ. P. 55(a). Only after the Clerk has entered default may a subsequent default judgment under Rule 55(b) be entered by the Court. *See, e.g.*, *McGann v. Collingswood Police Dep't*, Civil Action No. 10-cv-3458, 2011 U.S. Dist. LEXIS 70065, at *24–25 (D.N.J. June 28, 2011). Here, Plaintiff contemporaneously filed his application for entry of default with his motion for default. Because Plaintiff has inappropriately moved for default judgment before entry of default was entered against Defendant Barnes, his motion for default judgment must be denied. *See Husain*

*v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008).

Under Federal Rule of Civil Procedure 6(b)(1)(B), if the time to file a responsive pleading to a plaintiff's complaint has expired, the responding party may file a motion for an extension of time.  The court may grant this motion for good cause, but only after finding that the party's failure to file a timely response was due to "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B); *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010).  When determining whether a party has shown "excusable neglect," courts take into account "all relevant circumstances surrounding the party's omission," including the danger of prejudice to the opposing party, the length of the delay in responding and its potential impact on judicial proceedings, "the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, Defendant Barnes's current ross-motion was filed approximately two months after his deadline to file a response to Plaintiff's complaint.  While this is not an insignificant amount of time, the Court finds that the multiple Defendants in this case who did timely file responses to Plaintiff's complaint prevent this delay from having any real impact on the judicial proceedings; in other words, the civil action as a whole has meaningfully proceeded in the absence of Defendant Barnes.  For this same reason, the Court finds that Plaintiff would not be prejudiced if the Court grants Defendant Barnes's cross-motion.  Finally, Defendant Barnes's explanation for the delay indicates that the reason for the delay was not within the reasonable control of Defendant Barnes and that he is currently acting in good faith.  Specifically, Defendant Barnes, as a state employee, had to request representation by the Office of the Attorney General in this matter.  *See* N.J. Stat Ann. §59:10A-2.  Defendant Barnes had timely made a written request for

representation when he was served. However, his written request was misfiled by the Office of the Attorney General. *See* Declaration of Gregory R. Bueno ("Bueno Decl.") ¶ 6. This error was only realized when Plaintiff filed his motion for default judgment against Defendant Barnes, at which point the process for Defendant Barnes's request for Attorney General representation was undertaken and completed within days. *See id.* at ¶¶ 4, 6, 11. Defendant Barnes filed his motion for an extension of time immediately after his counsel entered an appearance on his behalf. Accordingly, it appears that Defendant Barnes is, and at all times has been, acting in good faith. The delay appears to be unintentional and not within Defendant Barnes's control. For these reasons, the Court finds that Defendant Barnes's failure to timely respond to Plaintiff's complaint was due to excusable neglect, and thus grants Defendant Barnes's cross-motion under Rule 6(b)(1)(B).

**THEREFORE**, it is on this 2nd day of October, 2014,

**ORDERED** that Plaintiff's motion for default judgment [ECF. No. 40] is **DENIED**; and it is further

**ORDERED** that Defendant Barnes's cross-motion for an extension of time to file a response to Plaintiff's complaint [ECF No. 44] is **GRANTED**, and Defendant Barnes has leave to file an answer to Plaintiff's complaint as within time, no later than fourteen (14) days after the date of this Order; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.