UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD THOMPSON, | : |
| Plaintiff, | : Civil Action No. 13-4334(JAP)(DEA) |
| v. | : **MEMORANDUM OPINION AND ORDER** |
| CHARLES WARREN, *et al.*, | : |
| Defendants. | : |

ARPERT, Magistrate Judge

This matter comes before the Court on three Motions: (1) a Motion for leave to file an Amended Answer and Affirmative Defenses by Defendants Nelson, D'Amico, Dutch, Jimenez, Packard, and Mendez [Dkt. No. 38]; (2) a Motion by Plaintiff requesting the Court to issue an Order directing the U.S. Marshal's Service to serve the Summons and Complaint on Defendant J. Siana [Dkt. No. 46]; and (3) a Motion by Plaintiff for "special relief" requesting the Court to issue an Order directing the prison where he is incarcerated to provide Plaintiff with additional access to the law library [Dkt. No. 48]. All three Motions are unopposed.

*Pro se* Plaintiff Richard Thompson filed his Complaint on April 30, 2014 asserting six causes of action against employees and officials of the New Jersey Department of Corrections ("DOC") [Dkt. No. 1]. Plaintiff claims several violations of his federal constitutional rights during his time in the custody of the DOC. Specifically, Plaintiff alleges that in retaliation for assisting a fellow prisoner in the preparation of a lawsuit against DOC employees, he was deprived of his job assignment and placed in

administrative detention in violation of New Jersey law and his First, Fourteenth and Eighth Amendment rights.

**I. Motion to Amend Answer and Affirmative Defenses [Dkt. No. 38]**

Defendants Nelson, D'Amico, Dutch, Jimenez, Packard, and Mendez seek leave to file an Amended Answer and Affirmative Defenses pursuant to Federal Rule of Civil Procedure 15(a)(2). Defendants seek to amend their Answer to assert four additional Affirmative Defenses, which were not included in their initial Answer.

Defendant Mendez was served in this action on May 20, 2014, and Defendants Nelson, D'Amico, Dutch, Jimenez, and Packard were served on June 16, 2014. On June 27, 2014, Defendants requested an extension of time to answer Plaintiff's Complaint [Dkt. No. 31], which the Court granted on July 7, 2014 [Dkt. No. 33].[1] Defendants filed their Answer on July 28, 2014 [Dkt. No. 35], and on August 20, 2014, Defendants filed the present Motion seeking leave to amend their Answer [Dkt. No. 38].

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In the absence of undue delay, bad faith or dilatory motive on the part of the movant, leave to amend should be freely given. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The burden to demonstrate good cause to amend is on the movant. *Leased Optical Departments-Montgomery Ward, Inc. v. Opti-Center, Inc.,* 120 F.R.D. 476, 478 (D.N.J.1988).

---

[1] After the extension was granted, the Court received a letter from Plaintiff notifying the Court of his consent to the requested extension [Dkt. No. 34].

2

Here, Defendants moved to amend their Answer less than a month after it was initially served, and there is nothing before the Court to suggest bad faith or any dilatory motive on the part of Defendants. Accordingly, because Plaintiff has not opposed Defendants' request and the Court finds that granting Defendants leave to amend their Answer will not prejudice Plaintiff, Defendants' Motion to file an Amended Answer is GRANTED.

**II. Motion Requesting the Court to Order Service of "J. Siana" [Dkt. No. 46]**

Plaintiff filed his Complaint on April 30, 2014 [Dkt. No. 1] and the Court issued an Order directing the Clerk to issue Summonses for service by the U.S. Marshal's Service pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) [Dkt. No. 10]. The Clerk issued a Summons for "J. Asianna" which is the original name pled by Plaintiff for the Defendant Plaintiff is now attempting to serve. [Dkt. No. 11]. On June 16, 2014, the Summons issued for "J. Asianna" was returned unexecuted [Dkt. No. 23]. On June 24, 2014, Plaintiff requested an Alias Summons for "J. Sianna" [Dkt. No. 29], and on June 27, 2014, the Clerk issued the requested Alias Summons [Dkt. No. 30]. On August 25, 3014, the Alias Summons issued for "J. Sianna" was returned unexecuted [Dkt. No. 41]. The unexecuted Summons indicated that it could not be served without the full name of the individual Plaintiff was attempting to serve. On September 3, 2014, Plaintiff filed the instant Motion requesting that the Court order the U.S. Marshal's Service to serve J. Siana with the Summons and Complaint without requiring Plaintiff to provide Defendant's full name [Dkt. No. 46].

While Rule 4(c)(3) requires that the Court effect service of the Summons and Complaint for a plaintiff who is proceeding *in forma pauperis,* the plaintiff must provide sufficient information for the Court to do so. *See Maltezos v. Giannakouros,* 522 Fed. Appx. 106, 108 (3d Cir. 2013) (citing *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir.1993)). Although the Court is mindful that Plaintiff is proceeding *pro se,* he is still responsible for providing the necessary information to effect service. To

3

date, service of the Defendant now identified by Plaintiff as "J. Siana" has been attempted and returned unexecuted on two separate occasions using two different names. Plaintiff bears the responsibility for providing the information required for service, including the full name of the Defendant he is attempting to serve. Accordingly, because Plaintiff has failed to provide the requisite information necessary for the proper effectuation of service, Plaintiff's Motion requesting the Court to order service of Defendant without his full name is DENIED.

**III. Motion for Additional Law Library Access**

In his "Motion for Special Relief", Plaintiff seeks an Order directing the DOC to provide Plaintiff with additional access to the prison law library. Currently Plaintiff is able to utilize the library approximately once a week. Plaintiff claims that in order to comply with the Court's Scheduling Order, he needs access to the library "at least three times a week." Dkt. No. 48 at p. 1.

Prisoners have a right of access to the courts. *See Schreane v. Holt,* 482 F. App'x 674, 676 (3d Cir. 2012) (citing *Lewis v. Casey,* 518 U.S. 343 (1996)). In order to establish a violation of the right of access, an inmate must demonstrate that: "(1) he suffered an 'actual injury' (i.e., that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy, save the present civil rights suit, that can possibly compensate for the lost claim." *Id* (citing *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir.2008)). In addition, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe v. Beard,* 536 F.3d 198, 205-206 (3d Cir.2008) (citing *Christopher v. Harbury,* 536 U.S. 403, 416–17 (2002)).

Although Plaintiff claims he requires additional access to the law library to "be able to adhere and comply with all of the [C]ourt's guidelines" he fails to describe or demonstrate any actual injury, either in the result of a lost claim or otherwise, which has resulted from his current level of access to the law library. While Plaintiff's case may benefit from additional time in the law library, "the right of

access to the courts does not encompass the right to litigate as effectively as [one] would like in court." *Jones v. Hendricks,* 173 Fed. App'x. 180, 183 (citing *Casey.* 518 U.S. at 350). Accordingly, because the Court finds that Plaintiff has failed to allege any actual injury arising from his present access to the law library, Plaintiff's Motion for additional access is DENIED.

### IV. Conclusion and Order

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 31st day of October, 2014,

**ORDERED** that Defendants' Motion for leave to file an Amended Answer and Affirmative Defenses [Dkt. No. 38] is **GRANTED**; and it is further

**ORDERED** that Defendants' Amended Answer and Affirmative Defenses shall be filed no later than November 10, 2014; and it is further

**ORDERED** that Plaintiff's Motion requesting the Court to issue an Order directing the U.S. Marshal's Service to serve the Summons and Complaint on Defendant J. Siana [Dkt. No. 46] is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for "special relief" requesting the Court to issue an Order directing the prison to provide Plaintiff with additional access to the law library [Dkt. No. 48] is **DENIED.**

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge