UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD THOMPSON, | : |
| Plaintiff, | : Civil Action No. 13-4334(PGS)(DEA) |
| v. | : **MEMORANDUM OPINION AND ORDER** |
| CHARLES WARREN, *et al.,* | : |
| Defendants. | : |

ARPERT, Magistrate Judge

This matter comes before the Court on three Motions: (1) a Motion by Plaintiff for an Order compelling Defendants to respond to Plaintiff's Interrogatories [Dkt. No. 59]; (2) a Cross-Motion by Defendants requesting a stay of discovery pending the resolution of Defendants' Motion for Judgment on the Pleadings and Summary Judgment (the "Dispositive Motion")[1] [Dkt. No. 62]; and (3) a Motion by Plaintiff to modify the Scheduling Order entered by the Court on August 11, 2014 [Dkt. No. 68]. For the reasons set forth below, Plaintiff's Motion to compel [Dkt. No. 59] is GRANTED, Defendants' Motion to stay discovery [Dkt. No. 62] is DENIED and Plaintiff's Motion to modify the Scheduling Order [Dkt. No. 68] is GRANTED.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

*Pro se* Plaintiff Richard Thompson filed his Complaint on April 30, 2014 asserting six causes of action against employees and officials of the New Jersey Department of Corrections ("DOC") [Dkt. No. 1]. Plaintiff claims several violations of his federal constitutional rights

---

[1] On December 1, 2014, Defendants filed a Motion for Judgment on the Pleadings and Summary Judgment, which is currently pending before the Court. *See* Dkt. No. 61.

1

during his time in the custody of the DOC. Specifically, Plaintiff alleges that in retaliation for assisting a fellow prisoner in the preparation of a lawsuit against DOC employees, he was deprived of his job assignment and placed in administrative detention in violation of New Jersey law and his First, Fourteenth and Eighth Amendment rights.

As relevant to the present Motions, Plaintiff claims that on August 9, 2014, he served interrogatories on Defendants Nelson, D'Amico, Mendez, Dutch, Packard and Jimenez through their counsel. Dkt. No. 59 at ¶ 1-2. On October 3, 2014, Plaintiff received a letter from Defendants' counsel requesting Plaintiff's consent to an extension of time for Defendants to respond to Plaintiff's interrogatories to October 22, 2014, to which Plaintiff agreed. *Id.* at ¶ 5. On October 8, 2015, Plaintiff served interrogatories on Defendant Barnes through his counsel. *Id.* at ¶ 8. Plaintiff claims he has not received responses to any of the interrogatories served on Defendants. Accordingly, Plaintiff seeks an Order compelling Defendants Nelson, D'Amico, Mendez, Dutch, Packard, Jimenez and Barnes to respond to the interrogatories. *See* Dkt. No. 59. In response to Plaintiff's Motion to compel, Defendants filed a Cross-Motion requesting a stay of discovery pending disposition of Defendants' Dispositive Motion. *See* Dkt. No. 62. In addition, Plaintiff requests the entry of an Amended Scheduling Order extending the deadline for discovery, which pursuant to the Court's Scheduling Order entered on August 11, 2014, was to be concluded by February 11, 2015. *See* Dkt. No. 68.

II.   **DISCUSSION**

It is well established that the scope of discovery in federal litigation is broad. *See* Fed. R. Civ. P. 26(b)(1). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. *Id.*; *see also Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

Moreover, information sought by the parties need not be admissible at trial if it is "reasonably calculated" to lead to discovery of admissible evidence. Fed. R. Civ. P. 26.

While the scope of discovery is undoubtedly broad, the Federal Rules also provide that a Court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that: (1) the discovery sought is cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Further, "the Court has a responsibility to protect privacy and confidentiality interests" and "has authority to fashion a set of limitations that allow as much relevant material to be discovered as possible . . . while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." *Schmulovich v. 1161 Rt. 9 LLC*, 2007 U.S. Dist. LEXIS 59705, at *3-4 (D.N.J. 2007); *see also Pearson*, 211 F.3d at 65; Fed. R. Civ. P. 26(c).

Rule 37(a) allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to a document request propounded pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Ultimately, it is within the discretion of the Court to grant a motion to compel disclosure for good cause shown. *In re Cendant Corp. Sec. Litig.*, 343 F. 3d 658, 661 (3d Cir. 2003).

In response to Plaintiff's Motion to compel, Defendants filed a Cross-Motion requesting a stay of discovery pending disposition of Defendants' Dispositive Motion. Defendants do not argue that they have provided responses to Plaintiff's interrogatories or object to Plaintiff's interrogatories. Instead, Defendants assert that the Court's decision on their pending Dispositive Motion may obviate the need for discovery.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court may stay discovery pending determination of a dispositive motion only on a showing of "good cause" by the party requesting the stay. *Gerald Chamales Corp. v. Oki Data Americas, Inc., et al.,* 247 F.R.D. 453, 454 (D.N.J. Dec.11, 2007) ("A protective order pursuant to Fed.R.Civ.P. 26(c) may only be issued if 'good cause' is shown."); Fed.R.Civ.P. 26(c)(1) (establishing that the court may issue a protective order with respect to discovery only for "good cause"); *see Perelman v. Perelman*, 2011 U.S. Dist. LEXIS 85470, at *2–3, 2011 WL 3330376 (E.D.Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.' ") (citations omitted). It is well settled that "the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Chamales,* 247 F.R.D. at 454.

Courts generally do not favor granting motions to stay discovery "because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coyle v. Hornell Brewing Co.,* 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (internal citations and quotation marks omitted). Nonetheless, this Court maintains wide discretion to manage discovery issues and enter stays where good cause has been shown. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Coyle,* 2009 WL 1652399, at *3 ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted); *Chamales,* 247 F.R.D. at 454 ("Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.") (citations omitted).

In the present case, Defendants argue that their Dispositive Motion "has a substantial basis in law and would lead to dismissal of the [C]omplaint in its entirety, which in turn would

4

render unnecessary any and all responses to [Plaintiff's] interrogatories." Dkt. No. 62 at p. 2. Defendants contend that Plaintiff will not be "unduly prejudiced by a stay of discovery" and that the resolution of Defendants' pending Dispositive Motion "will serve to narrow or outright eliminate the need for further discovery." *Id.* at p. 4-6. Although Defendants submit that if the Court grants their Dispositive Motion, "the time and expense spend in providing responses from seven parties to Plaintiff's broadly-worded interrogatories would be in vain", Defendants "stop short of asserting that answering Plaintiff's interrogatories will constitute a 'clear hardship or inequity . . . .'" *Id.* at p. 5.

The Court finds that Defendants have failed to satisfy their burden of demonstrating good cause sufficient to justify staying discovery pending the disposition of Defendants' Dispositive Motion. While Defendants' Dispositive Motion does not appear to be without foundation in law, the Court "does not believe the issuance of a protective order should depend upon its prediction of how the District Judge will decide defendants' dispositive motion." *Chamales*, 247 F.R.D. at 454. Furthermore, although Defendants claim that the expense of [answering Plaintiff's interrogatories] would be burdensome in light of the arguments made in the [pending] [D]ispositive [M]otion", Defendants have failed to state with any specificity why this matter differs from any other case in which discovery may be rendered unnecessary by a subsequent ruling on a pending dispositive Motion. Dkt. No. 62 at p. 5. Accordingly, Defendants' Motion to stay discovery pending the outcome of their Dispositive Motion is DENIED.

Beyond their argument that a decision on the pending Dispositive Motion may render discovery in this matter unnecessary, Defendants do not state any specific objections to Plaintiff's interrogatories. Although Defendants wish to avoid the time and expense associated with responding to Plaintiff's interrogatories, they have failed to demonstrate any meaningful

5

objection to Plaintiff's discovery requests. Accordingly, Plaintiff's Motion to compel is GRANTED. Additionally, in light of the expiration of the discovery deadlines set forth in the present Scheduling Order, Plaintiff's Motion to modify the Scheduling Order is GRANTED and an Amended Scheduling Order will be entered by the Court.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 26th day of May, 2015,

**ORDERED** that Plaintiff's Motion to compel responses to the interrogatories served on Defendants Nelson, D'Amico, Mendez, Dutch, Packard, Jimenez and Barnes [Dkt. No. 59] is **GRANTED** and Defendants are to provide Plaintiff with answers to the interrogatories within fourteen (14) days of the entry of this Order; and it is further

**ORDERED** that Defendants' Cross-Motion to stay discovery in this matter [Dkt. No. 62] is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to modify the Scheduling Order [Dkt. No. 68] is **GRANTED** and an Amended Scheduling Order will be entered by the Court.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge